UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| INVITROGEN CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 6:08-cv-112-LED |
| ) | |
| GENERAL ELECTRIC COMPANY d.b.a ) | |
| GE HEALTHCARE; GE HEALTHCARE ) | |
| BIO-SCIENCES CORP.; and DOES 1 ) | |
| Through 5, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants and Counterclaimants GENERAL ELECTRIC COMPANY d.b.a. GE HEALTHCARE, and GE HEALTHCARE BIO-SCIENCES CORP., (collectively, "GE"), file the following answer defenses, and counterclaims in response to the Complaint of Plaintiff INVITROGEN CORPORATION ("INVITROGEN").  GE respond to the numbered paragraphs of the Complaint, and in so doing deny the allegations of the Complaint except as specifically stated otherwise:

**JURISDICTION AND VENUE**

1. GE admit that civil actions for patent infringement arise under the patent laws of the United States, specifically under 35 U.S.C. §§ 271 *et seq.*, and that jurisdiction in this Court for such actions is founded upon 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, GE deny the allegations of Paragraph 1 of the Complaint.

2.  GE admit that venue in this judicial district is governed by 28 U.S.C. §§ 1391(b) and (c) and/or 28 U.S.C. § 1400(b).  Except as expressly admitted, GE deny the allegations of Paragraph 2 of the Complaint.

## THE PARTIES

3.  Upon information and belief, GE admit that INVITROGEN is a Delaware corporation, with its principal place of business at 5791 Van Allen Way, Carlsbad, CA 92008.

4.  GE admit that Defendant GE HEALTHCARE BIO-SCIENCES CORP., has an office at 800 Centennial Avenue, P.O. Box 1327, Piscataway, NJ 08855.  Except as expressly admitted, GE deny the allegations of Paragraph 4 of the Complaint.

5.  GE is without sufficient information to admit or deny the allegations in Paragraph 5 and therefore deny same.

## INVITROGEN'S CLAIM FOR RELIEF

6.  GE repeat and reallege their responses to Paragraphs 1 through 5, inclusive.

7.  GE admit that a purported copy of United States Patent No. 6,610,522 (the " '522 Patent") was attached to INVITROGEN'S Complaint as Exhibit "1" and that the "Date of Patent" listed on the copy is August 26, 2003.  GE is without sufficient information to admit or deny the remaining allegations in Paragraph 7 and therefore denies same.

8.  GE admit that a purported copy of United States Patent No. 6,589,768 (the " '768 Patent") was attached to INVITROGEN'S Complaint as Exhibit "2" and that the "Date of Patent" listed on the copy is July 8, 2003.  GE is without sufficient information to admit or deny the remaining allegations in Paragraph 8 and therefore denies same.

9.  GE admit that a purported copy of United States Patent No. 6,063,608 (the " '608 Patent") was attached to INVITROGEN'S Complaint as Exhibit "3" and that the "Date of Patent" listed on the copy is May 16, 2000.  GE is without sufficient information to admit or deny the remaining allegations in Paragraph 9 and therefore denies same.

10. GE admit that a purported copy of United States Patent No. 5,668,005 (the " '005 Patent") was attached to INVITROGEN'S Complaint as Exhibit "4" and that the "Date of Patent" listed on the copy is September 16, 1997.  GE is without sufficient information to admit or deny the remaining allegations in Paragraph 10 and therefore denies same.

11. GE admit that a purported copy of United States Patent No. 5,244,797 (the " '797 Patent") was attached to INVITROGEN'S Complaint as Exhibit "5" and that the "Date of Patent" listed on the copy is September 14, 1993.  GE is without sufficient information to admit or deny the remaining allegations in Paragraph 11 and therefore denies same.

12. GE admit that a purported copy of United States Patent No. 5,405,776 (the " '776 Patent") was attached to INVITROGEN'S Complaint as Exhibit "6" and that the "Date of Patent" listed on the copy is April 11, 1995.  GE is without sufficient information to admit or deny the remaining allegations in Paragraph 12 and therefore denies same.

13. GE deny the allegations of Paragraph 13 of the Complaint.

14. GE deny the allegations of Paragraph 14 of the Complaint.

15. GE deny the allegations of Paragraph 15 of the Complaint.

16. GE deny the allegations of Paragraph 16 of the Complaint.

17. GE deny the allegations of Paragraph 17 of the Complaint.

18. GE deny the allegations of Paragraph 18 of the Complaint.

19. GE deny the allegations of Paragraph 19 of the Complaint.

20. GE deny the allegations of Paragraph 20 of the Complaint.

21. GE deny the allegations of Paragraph 21 of the Complaint.

22. GE deny the allegations of Paragraph 22 of the Complaint.

23. GE deny the allegations of Paragraph 23 of the Complaint.

**INVITROGEN'S RELIEF REQUESTED**

GE deny that INVITROGEN is entitled to any relief whatsoever.

## GE'S AFFIRMATIVE DEFENSES

GE hereby assert the following defenses without undertaking or otherwise shifting any applicable burdens of proof.  GE reserve the right to assert additional defenses as warranted by facts learned through investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

24. GE assert that INVITROGEN'S Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Noninfringement)

25. GE do not and have not infringed directly or indirectly any claim of the '522, '768, '608, '005, '776, and '797 Patents.

### THIRD AFFIRMATIVE DEFENSE

(Invalidity)

26. Each claim of the '522, '768, '608, '005, '776, and '797 Patents is invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or due to double-patenting.

### FOURTH AFFIRMATIVE DEFENSE

(Laches)

27. INVITROGEN is barred from recovering on its claims against GE under the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

(Patent Exhaustion)

28. GE purchased the reverse transcriptase in the GE products INVITROGEN has alleged infringe the '522, '768, '608, '005, '776, and '797 Patents from Clontech.  Upon information and belief, INVITROGEN settled all of its outstanding litigation with Clontech in

June 2007.  Upon information and belief, as part of that agreement INVITROGEN has released and discharged Clontech from any and all claims of infringement of at least the '608, '005, '776, and '797 Patents for manufacture and sales of reverse transcriptase.  Consequently, INVITROGEN'S patent rights under at least the '608, '005, '776, and '797 Patents were and are exhausted by Clontech's lawful sale of the reverse transcriptase to GE, and INVITROGEN'S claims against GE are barred in whole or in part, by the doctrine of patent exhaustion.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Satisfy Notice Requirements)

29.    Upon information and belief, INVITROGEN is barred from obtaining some or all relief for infringement of the '522, '768, '608, '005, '776, and '797 Patents for failure to satisfy the notice requirements of 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE

(Prosecution History Estoppel)

30.    After a reasonable opportunity for further investigation and discovery, there is likely to be evidentiary support to show that by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that resulted in issuance of the '522, '768, '608, '005, '776, and '797 Patents, as shown by the prosecution history thereof, INVITROGEN is estopped from maintaining that any claim of the '522, '768, '608, '005, '776, and '797 Patents covers any of GE's articles, equipment, products, or activities.

## GE'S COUNTERCLAIMS

Defendants and Counterclaimants GE allege the following counterclaims against Plaintiff and Counterdefendant INVITROGEN:

## PARTIES

31.    GENERAL ELECTRIC COMPANY is a New York corporation with a principal place of business in Fairfield, Connecticut.  GE HEALTHCARE BIO-SCIENCES CORP. is a regional business unit of GE Healthcare UK Ltd. with a principal place of business in

Piscataway, New Jersey. GE Healthcare UK Ltd. is a business unit of GENERAL ELECTRIC COMPANY organized under the laws of the United Kingdom and headquartered in Chalfont St. Giles, United Kingdom.

32. Upon information and belief, INVITROGEN CORPORATION is a Delaware corporation, with its principal place of business at 5791 Van Allen Way, Carlsbad, CA 92008.

## JURISDICTION AND VENUE

33. This Court has subject matter over GE's counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and Title 35 U.S.C. §§ 1 *et seq.*

34. Personal jurisdiction is proper because INVITROGEN has consented to the personal jurisdiction of this Court.

35. Venue is proper pursuant to 28 U.S.C. § 1391 because INVITROGEN has filed suit in this District, consenting to venue.

## BACKGROUND

36. INVITROGEN has filed suit alleging that GE infringe or have infringed claims of the '522, '768, '608, '005, '776, and '797 Patents.

37. GE have denied that they infringe or have infringed any claim of the '522, '768, '608, '005, '776, and '797 Patents, and have asserted that the claims of those patents are invalid.

38. Based on the foregoing, there is an actual, immediate, and justiciable controversy between INVITROGEN and GE as to the validity and infringement of the '522, '768, '608, '005, '776, and '797 Patents.

## FIRST COUNTERCLAIM

(Declaratory Judgment of Invalidity of the '522 Patent)

39. GE repeat and incorporate by reference Paragraphs 1 through 38 as though set forth fully herein.

40. The claims of the '522 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or due to double-patenting.

## SECOND COUNTERCLAIM

(Declaratory Judgment of Noninfringement of the '522 Patent)

41. GE repeat and incorporate by reference Paragraphs 1 through 40 as though set forth fully herein.

42. The claims of the '522 Patent are not infringed directly or indirectly by GE, its articles, equipment, products, or activities under the provisions of 35 U.S.C. § 271.

## THIRD COUNTERCLAIM

(Declaratory Judgment of Invalidity of the '768 Patent)

43. GE repeat and incorporate by reference Paragraphs 1 through 42 as though set forth fully herein.

44. The claims of the '768 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or due to double-patenting.

## FOURTH COUNTERCLAIM

(Declaratory Judgment of Noninfringement of the '768 Patent)

45. GE repeat and incorporate by reference Paragraphs 1 through 44 as though set forth fully herein.

46. The claims of the '768 Patent are not infringed directly or indirectly by GE, its articles, equipment, products, or activities under the provisions of 35 U.S.C. § 271.

## FIFTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of the '608 Patent)

47. GE repeat and incorporate by reference Paragraphs 1 through 46 as though set forth fully herein.

48. The claims of the '608 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or due to double-patenting.

## SIXTH COUNTERCLAIM

(Declaratory Judgment of Noninfringement of the '608 Patent)

49. GE repeat and incorporate by reference Paragraphs 1 through 48 as though set forth fully herein.

50. The claims of the '608 Patent are not infringed directly or indirectly by GE, its articles, equipment, products, or activities under the provisions of 35 U.S.C. § 271.

## SEVENTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of the '005 Patent)

51. GE repeat and incorporate by reference Paragraphs 1 through 50 as though set forth fully herein.

52. The claims of the '005 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or due to double-patenting.

## EIGHTH COUNTERCLAIM

(Declaratory Judgment of Noninfringement of the '005 Patent)

53. GE repeat and incorporate by reference Paragraphs 1 through 52 as though set forth fully herein.

54.     The claims of the '005 Patent are not infringed directly or indirectly by GE, its articles, equipment, products, or activities under the provisions of 35 U.S.C. § 271.

### NINTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of the '776 Patent)

55.     GE repeat and incorporate by reference Paragraphs 1 through 54 as though set forth fully herein.

56.     The claims of the '776 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or due to double-patenting.

### TENTH COUNTERCLAIM

(Declaratory Judgment of Noninfringement of the '776 Patent)

57.     GE repeat and incorporate by reference Paragraphs 1 through 56 as though set forth fully herein.

58.     The claims of the '776 Patent are not infringed directly or indirectly by GE, its articles, equipment, products, or activities under the provisions of 35 U.S.C. § 271.

### ELEVENTH COUNTERCLAIM

(Declaratory Judgment of Invalidity of the '797 Patent)

59.     GE repeat and incorporate by reference Paragraphs 1 through 58 as though set forth fully herein.

60.     The claims of the '797 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## TWELFTH COUNTERCLAIM

(Declaratory Judgment of Noninfringement of the '797 Patent)

61. GE repeat and incorporate by reference Paragraphs 1 through 60 as though set forth fully herein.

62. The claims of the '797 Patent are not infringed directly or indirectly by GE, its articles, equipment, products, or activities under the provisions of 35 U.S.C. § 271.

## GE'S PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimants GE prays for judgment on the Complaint as follows:

a. that judgment be entered in favor of GE and against INVITROGEN, and that INVITROGEN takes nothing by way of its Complaint;

b. that INVITROGEN'S Complaint be dismissed with prejudice;

c. that the claims of the '522, '768, '608, '005, '776, and '797 Patents be declared invalid;

d. that GE be declared to not directly or indirectly infringe any claim of the '522, '768, '608, '005, '776, and '797 Patents;

e. that this Court declare this case exceptional pursuant to 35 U.S.C. § 285 and award GE its costs and attorneys' fees plus interest and prejudgment interest thereon; and

f. that this Court grant such other and further relief to GE as this Court may deem just and equitable and as this Court deems appropriate and necessary.

## DEMAND FOR JURY TRIAL

GE demands a trial by jury on all matters herein so triable.

Dated: September 5, 2008

Respectfully submitted,

_____
T. John Ward, Jr.
State Bar No. 00794818

WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: jw@jwfirm.com

ATTORNEYS FOR DEFENDANTS,
GENERAL ELECTRIC COMPANY
GE HEALTHCARE BIO-SCIENCES CORP.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 5th day of September, 2008.

_____
T. John Ward, Jr.

11